**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KiOR, Inc.,[1] | Case No. 14-12514 (CSS) |
| Debtor. | Hearing Date: April 29, 2015 at 10:00 a.m.<br>Objection Deadline: April 2, 2015 at 4:00 p.m.<br>Ref. Docket No. 223 |

**AMENDMENT TO MOTION OF MISSISSIPPI DEVELOPMENT AUTHORITY
FOR ORDER GRANTING LEAVE, STANDING AND AUTHORITY
TO COMMENCE AND PROSECUTE
DERIVATIVE CLAIMS ON BEHALF OF THE DEBTOR'S ESTATE**

The Mississippi Development Authority (the "MDA" or "Plaintiff"),[2] by and through its undersigned counsel, amends its Motion for Order Granting Leave, Standing and Authority to Commence and Prosecute Derivative Claims of Behalf of the Debtor's Estate (the "MDA Standing Motion") [Doc. No 223], filed by the MDA on January 14, 2015, and in support thereof respectfully states as follows:

1. The MDA Standing Motion is amended by replacing the proposed complaint attached to the MDA Standing Motion as Exhibit A, with the revised proposed complaint attached hereto as Exhibit A (the "Revised Proposed Complaint").

2. The contents of the MDA Standing Motion are incorporated by reference in this amendment thereto (the "Amendment").

3. The Revised Proposed Complaint sets forth additional allegations and proposed causes of action based on preliminary discovery conducted by the MDA in the Debtor's bankruptcy case

---

[1] The Debtor and the last four digits of its taxpayer identification number are: KiOR, Inc. (2233). The Debtor's mailing address is 13001 Bay Park Road, Pasadena, Texas 77507.

[2] Capitalized terms used herein shall have the meanings set forth in the MDA Standing Motion, unless otherwise defined herein.

1

since the filing of the MDA Standing Motion. Assuming the MDA Standing Motion is granted and the MDA is authorized to proceed on behalf of the bankruptcy estate with the Estate Claims articulated in the Revised Proposed Complaint, the MDA reserves the right to amend the complaint based upon, *inter alia*, additional information gleaned from discovery.

4. The Revised Proposed Complaint is filed herewith <u>under seal</u>. On January 16, 2015, the Court entered an Order Approving Stipulation Governing Discovery Materials [Doc. No. 236] (the "<u>Confidentiality Order</u>"), governing the disclosure of information and materials derived from discovery in the Debtor's bankruptcy case. The Confidentiality Order allows the Debtor and other parties to designate such information materials as "confidential" and protects the same from public disclosure, unless, *inter alia*, the Court orders otherwise.

5. The Debtor and the Khosla Entity Defendants have designated as confidential much of the deposition and examination testimony taken in the Debtor's bankruptcy case, as well as much of the substantive information and documents produced to the MDA. The Revised Proposed Complaint attached hereto as <u>Exhibit A</u> arguably relies on and references information which has been designated as confidential by the Debtor and the Khosla Entity Defendants pursuant to the Confidentiality Order. The MDA disputes that such information and materials should be maintained as confidential. In an abundance of caution, however, and in accordance with the Confidentiality Order, the MDA submits its Revised Proposed Complaint <u>under seal.</u> Such submission is without prejudice to the MDA's right to object to confidential treatment of the information set forth therein or any other information or materials which have been designated as confidential.

### **NOTICE**

6. This Amendment has been served on: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor and its counsel; (iii) counsel to the Defendants; and (iv) all

entities that have filed a request for service of filings pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, the MDA respectfully requests entry of an order, substantially in the form attached to the MDA Standing Motion as <u>Exhibit B</u>, pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code, granting the MDA standing to commence and prosecute the Estate Claims on behalf of the Debtor's estate including but not limited to those set forth in the Revised Proposed Complaint.

Dated:   March 23, 2015
         Wilmington, Delaware

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: MeloroD@gtlaw.com

– and –

David B. Kurzweil (Admitted Pro Hac Vice)
R. Kyle Woods (Admitted Pro Hac Vice)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2680
Facsimile: (678) 553-2681
Email: KurzweilD@gtlaw.com
Email: WoodsK@gtlaw.com

– and –

Shari L. Heyen (Admitted Pro Hac Vice)
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3564
Facsimile: (713) 818-3795
Email: HeyenS@gtlaw.com

– and –

MCCRANEY MONTAGNET QUIN & NOBLE, PLLC

Douglas C. Noble (Admitted *Pro Hac Vice*)
William M. Quin II (Admitted *Pro Hac Vice*)
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Dnoble@mmqnlaw.com
Wquin@mmqnlaw.com

**ATTORNEYS FOR MISSISSIPPI DEVELOPMENT AUTHORITY**