# EXHIBIT A

**(Proposed Order Approving Disclosure Statement)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| KIOR, INC.,[1] § | |
| § | Case No. 14-12514 (CSS) |
| § | |
| § | |
| Debtor. § | |
| § | |
| § | |

---------------------------------------------------------------

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGE; (III) ESTABLISHING VOTING RECORD DATE FOR ENTITLEMENT TO SOLICITATION PACKAGE AND TO VOTE ON PLAN OF REORGANIZATION; (IV) APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGE; (V) APPROVING FORM OF BALLOTS; (VI) ESTABLISHING LAST DATE FOR RECEIPT OF BALLOTS; (VII) APPROVING PROCEDURES FOR VOTE TABULATION; (VIII) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN OF REORGANIZATION; AND (IX) APPROVING FORM AND MANNER OF NOTICE OF <u>CONFIRMATION HEARING AND OF RELATED ISSUES</u>**

Upon the motion (the "<u>Motion</u>")[2] filed by KiOR, Inc. (the "<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") for entry of an order pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 3017-1 of the Local Rules (the "<u>Local Rules</u>") of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") seeking an order (i) Approving Disclosure Statement ("<u>Disclosure Statement</u>") for the Debtor's Chapter 11 Plan of Reorganization (as it may be amended, supplemented, or modified from time to time pursuant to

---

[1]  The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is KiOR, Inc. (2233). The above-captioned Debtor's mailing address is 13011 Bay Park Road, Pasadena, Texas 77507.

[2]  Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

1

the terms thereof, the "Plan"); (ii) Approving Solicitation Package; (iii) Establishing Voting Record Date for Entitlement to Solicitation Package and to Vote on Plan of Reorganization; (iv) Approving Procedures for Distribution of Solicitation Package; (v) Approving Form of Ballots; (vi) Establishing Last Date for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulation; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan of Reorganization; and (ix) Approving Form and Manner of Notice of Confirmation Hearing and of Related Issues; and it appearing that no previous motion for similar relief having been made; and it appearing that this Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion, to the extent granted by this Order, is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances. No other or further notice is required with respect to the relief granted in this Order except as set forth herein with respect to the hearing to be scheduled to consider approval and confirmation of the Plan.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate, pursuant to Bankruptcy Rule 7052.

24533852.4

D.  The Debtor has articulated good and sufficient reasons for this Court granting the relief provided in this Order concerning (1) the Disclosure Statement, (2) the Solicitation Procedures, and (3) the form, timing, and manner of notice of the proposed Solicitation Package (as defined below), and the other matters described herein, including the Notices and proposed ballots.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  As described herein, the Motion is GRANTED and all objections to the entry of this Order not otherwise withdrawn, waived or settled, and all reservations of rights included therein, are overruled and denied on the merits.

2.  The Disclosure Statement is APPROVED, pursuant to Bankruptcy Code section 1125, as containing information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtor and the condition of the Debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtor, any successor to the Debtor, and a hypothetical investor typical of holders of claims and interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the Plan; no other or further information is necessary; and the Debtor may accordingly solicit acceptances and rejections of the Plan.

3.  The Disclosure Statement (including the exhibits thereto) provides holders of Claims and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Debtor is authorized to make non-substantive or immaterial changes to the Disclosure Statement and all related documents (including, without limitation, all exhibits thereto) without further order of the Court, including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, the Master Ballots, and any other materials in the Solicitation Packages prior to mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their prompt and economical distribution (e.g., if applicable, single spacing the documents, removing pleading lines, and the like).

5. The hearing to consider confirmation of the Plan will be held on **[____]**, **2015**, or as soon thereafter as counsel can be heard, before the Honorable Christopher Sontchi, United States Bankruptcy Judge, at the United States Bankruptcy Court, 5th Floor, Courtroom No. 6, 824 North Market Street, Wilmington, Delaware (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing. Additionally, the Plan may be modified without further notice, prior to, at, or as a result of the Confirmation Hearing.

6. The Court sets **4:00 p.m. (prevailing Eastern Time) on [____], 2015** (the "Objection Deadline") as the last day and time for filing and serving objections, comments, or responses to confirmation of the Plan, including any supporting memoranda. Any objections to the confirmation of the Plan must (a) be in writing; (b) state the grounds for the objection, if any, and the legal and factual bases thereof; (c) reference with specificity the text of the Plan to which the objection, if any, is addressed; (d) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (e) be served on the following parties, and be

filed with the Court, together with proof of service, such that they are actually received by such parties and the Court on or before the Objection Deadline: (1) KiOR, Inc., 13001 Bay Park Road, Pasadena, Texas 77507 (Attn: Chief Executive Officer; Attn: General Counsel); (2) co-counsel to the Debtor, (i) King & Spalding, LLP, 1100 Louisiana, Suite 4000, Houston, Texas 77002 (Attn: Mark W. Wege), and (ii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: John H. Knight); (3) counsel to Khosla Ventures III, LP, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: Debra Grassgreen, Esq.), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Peter Keane, Esq.); (4) co-counsel to Pasadena Investments, LLC, the KFT Trust, Vinod Khosla, Trustee, and VNK Management, LLC, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Thomas E. Patterson, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.); (5) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn:  June Leamy, Esq.; and (6) counsel for the MDA, Greenberg Traurig, LLP, 3333 Piedmont Road, Suite 2500, Atlanta, Georgia 30305 (Attn: David B. Kurzweil, Esq.), and 1000 Louisiana Street, Suite 1700, Houston, Texas 77002 (Attn: Shari L. Heyen, Esq.), and McCraney, Montagnet, Quin & Noble, PLLC, 602 Steed Road, Suite 200, Ridgeland, Mississippi 39157 (Attn: Doug Noble, Esq.).

7. The Debtor and any Plan Support Party (as defined in the Plan) may file one or more responses in support of confirmation of the Plan on or before Noon (prevailing Eastern Time) on [_____], 2015.  For the avoidance of doubt, each of the Plan Support

Parties shall have the right to appear, to be heard, and to offer evidence and argument in support of the Plan and in response to any confirmation objections at the Confirmation Hearing.

8. The forms of ballots attached to the Motion as <u>Exhibits B-H</u> are APPROVED. The deadline for the receipt of ballots accepting or rejecting the Plan shall be **[_____], on [_____], 2015** ("<u>Ballot Return Date</u>"). To be counted, a ballot must be timely received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtor's claims, solicitation and balloting agent in this case by the Ballot Return Date as follows:

| **By first class mail:** | **By hand delivery or overnight mail:** |
|---|---|
| KiOR, Inc.<br>c/o Epiq Bankruptcy Solutions, LLC<br>Attn: KiOR, Inc. Ballot Processing<br>FDR Station, PO Box 5014<br>New York, NY 10150-5014 | KiOR, Inc.<br>Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |

Ballots may not be sent by facsimile transmission.

9. The record date for the purposes of determining which holders of stock, bonds, debentures, notes, and other securities are entitled to receive the Solicitation Package and to vote on the Plan is [____], 2015 ("<u>Voting Record Date</u>").

10. The Debtor, through Epiq, shall transmit by mail to all creditors entitled to vote on the Plan a solicitation package ("<u>Solicitation Package</u>") comprised of the following items: (a) a written notice (the "<u>Confirmation Hearing Notice</u>") in substantially the form attached to the Motion as <u>Exhibit A</u> of (i) the Court's approval of the Disclosure Statement, (ii) the commencement date of the hearing on confirmation of the Plan (the "<u>Confirmation Hearing</u>"), (iii) the deadline and procedures for filing objections to confirmation of the Plan and related issues, and (iv) notice of the time within which acceptances and rejections of the Plan may be filed; (b) a CD-Rom (or hard copy, in the Debtor's discretion) containing the Disclosure

6

Statement (together with all exhibits thereto, including the Plan),[4] (c) forms of ballots in substantially the form attached hereto as <u>Exhibits B-H</u> and a pre-addressed, postage paid return envelope.

11. For those creditors who are not entitled to vote by operation of Bankruptcy Code section 1126 because they have been deemed to have voted to accept or reject the Plan (Classes 3, 4, 10 and 11), Epiq shall mail such creditors and parties a notice of non-voting status in the form attached to the Motion as <u>Exhibit I</u>.

12. Not later than three (3) business days after the date of this Order, Epiq shall, by first class mail, send a Solicitation Package to each entity listed on the Debtor's schedules of liabilities, as amended from time to time prior to the Voting Record Date and to each entity having filed with the Court a proof of claim that has not been disallowed, withdrawn, or expunged on or before the Voting Record Date.

13. No Solicitation Package or other notice need be transmitted to (a) holders of claims listed on the Debtor's schedules that have already been paid in full during the case or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) creditors in Class 4 which is unimpaired and deemed to accept, (c) creditors in Classes 3 and 10 and equity holders in Class 11 since those classes are deemed to have rejected the Plan by operation of Bankruptcy Code section 1126, or (d) any person to whom the Debtor mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code and such notice was returned marked "undeliverable" or "moved — no forwarding address" or for a similar reason, unless the Debtor has been informed in writing by such person of that person's new address. The Debtor and/or Epiq may, but shall not be required

---

[4] The proposed Confirmation Hearing Notice contains information as to how a claimant may obtain a hard copy of the Disclosure Statement and all exhibits thereto.

to, attempt to locate the correct address and resend prior to the ballot return date as defined below those Solicitation Packages that are returned as undeliverable.

14. KFT Trust is the authorized Agent to vote all the First Lien Claims and all the 2014 Second Lien Claims, and Khosla Ventures III LP is the authorized Agent to vote all the 2013 Second Lien Claims.

15. Unless the Debtor otherwise consents in writing, the following Solicitation Procedures shall govern how votes will be tabulated with respect to the Plan:

> (A) the amount of a claim used to tabulate acceptance or rejection of the Plan shall be either: (a) the claim amount listed in the Debtor's schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); (b) the liquidated amount specified in a proof of claim that is not the subject of an objection filed before the date of the Confirmation Hearing (or if such claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after a motion is brought, notice is provided, and a hearing is held prior to the Ballot Return Date.
>
> (B) If a creditor casts a ballot, the creditor has timely filed a proof of claim (or has otherwise had such proof of claim deemed timely filed by the Court under applicable law) and the creditor's claim is the subject of an objection to claim filed before the Confirmation Hearing, the creditor's ballot shall not be

counted, unless temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a);

(C) Ballots cast by creditors who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection before the commencement of the Confirmation Hearing will have their ballots counted for purposes of determining whether the Debtor has satisfied the numerosity requirement of § 1126(c) of the Bankruptcy Code, but will only have their ballots count $1 for purposes of determining whether the Debtor has satisfied the aggregate claim amount requirements of that section. For purposes of the numerosity requirements of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

(D) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(E) Ballots that fail to indicate an acceptance or rejection of the Plan will not be counted.

(F) Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted. Facsimile ballots, other than ballots

9

that comply with the procedures noted in this Order, will not be counted unless the claimant receives the written consent of the Debtor.

(G) Any ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

(H) Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan will not be counted.

(I) Any creditor who has filed or purchased duplicate claims, will be provided with only one Solicitation Package and one ballot and be permitted to vote only a single claim, regardless of whether the Debtor has objected to such duplicate claims.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Debtor is authorized, in its discretion, to take or refrain from taking any action necessary or appropriate to effectuate the terms of and relief granted pursuant to this Order in accordance with the Motion and without further order of the Court.

18. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January ____, 2015
       Wilmington, Delaware

                                        _____
                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE