## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------

In re:                                                  :       Chapter 11
                                                        :
                                                        :       Case No. 14-12514 (CSS)
KIOR, INC.[1]                                           :
                                                        :
                                                        :       Re: Docket Nos. 470 & 611
                        Debtor.                          :

------------------------------------------------------------------

## ORDER CONFIRMING KIOR INC.'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS REVISED DATED JUNE 1, 2015

A HEARING HAVING BEEN HELD BY THE COURT on June 3, 2015 (the "**Confirmation Hearing**") to consider confirmation of *KiOR, Inc.'s Second Amended Chapter 11 Plan of Reorganization, as Revised Dated June 1, 2015,* attached hereto as **Exhibit A** (the "**Plan**"), the solicitation version of which was dated April 7, 2015 [Docket No. 470], proposed by KiOR, Inc. (the "**Debtor**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtor**");

THE COURT NOTING that the *Second Amended Disclosure Statement For KiOR, Inc.'s Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015*, the solicitation version of which is dated April 8, 2015 [Docket No. 487] (the "**Disclosure Statement**"), has been previously approved by the Court, pursuant to the *Order (I) Approving Disclosure Statement; (II) Approving Solicitation Package; (III) Establishing Voting Record Date for Entitlement to Solicitation Package and to Vote on Plan of Reorganization; (IV) Approving Procedures for Distribution of Solicitation Package; (V) Approving Form of Ballots; (VI) Establishing Last Date for Receipt of Ballots; (VII) Approving Procedures for Vote*

---

[1]     The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is KiOR, Inc. (2233).  The above-captioned Debtor's mailing address is 13011 Bay Park Road, Pasadena, Texas 77507

Tabulation; (VIII) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan of Reorganization; and (IX) Approving Form and Manner of Notice of Confirmation Hearing and Related Issues, entered on April 9, 2015 [Docket No. 494] (the "**Disclosure Statement Order**");

IT APPEARING TO THE COURT that the Court-approved solicitation and noticing procedures have been followed as set forth in the *Declaration of Stephenie Kjontvedt on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Voting And Tabulation of Ballots Accepting and Rejecting KiOR, Inc.'s Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015* [Docket No. 591] (the "**EPIQ Declaration**");

IT FURTHER APPEARING TO THE COURT that the Debtor has filed with the Court the (a) *Notice of (I) Schedule of Assumed Executory Contracts and Unexpired Leases and Proposed Cure Amounts in Connection with KiOR Inc.'s Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015 and (II) Proposed Cure Claim Amounts Relating Thereto* [Docket No. 560] (the "**Assumption Notice**"); and (b) *Notice of Filing of Second Plan Supplement* dated May 13, 2015 [Docket No. 564], collectively containing the following: (i) documents related to the Reorganized Debtor's Exit Facility[2]; (ii) identification of the officers and the members of the board of directors of the Reorganized Debtor; (iii) the Reorganized Debtor's governing documents; (iv) the list of executory contracts and unexpired leases to be assumed pursuant to Article VI of the Plan; and (v) the Liquidating Trust Agreement (collectively and as they may be modified in accordance with their respective terms, the "**Plan Documents**");

---

[2]     Capitalized terms used herein without definition have the meanings provided for in the Plan. In addition, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, respectively.

2

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and the following objections were filed:

    (i)    *Objection of the Mississippi Development Authority to the Debtor's Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015* [Docket No. 580] (the "MDA Objection");

    (ii)    *United States Trustee's Objection to Debtor's Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015* [Docket No. 593] ("UST Objection");

    (iii)    *Leidos Engineering, LLC's Objection to Confirmation of KiOR, Inc.'s Second Amended Chapter 11 Plan of Reorganization* [Docket No. 576];

    (iv)    *Limited Objection of Dave Carlton and Sharon Kegerreis to KiOR's Second Amended Chapter 11 Plan of Reorganization, as Revised Dated April 7, 2015* [Docket No. 582];

    (v)    *Objection of Mississippi Department of Revenue to Confirmation of the Second Amended Chapter 11 Plan of Reorganization as Revised Dated April 7, 2015* [Docket No. 583] (the "MDOR Objection");

    (vi)    *Objection of Robert C. Dalton to the Plan of Reorganization and Confirmation of the Plan of Reorganization of KiOR, Inc.* [Docket No. 587].

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to accept or reject the Plan has passed and that the results of voting have been certified by EPIQ Bankruptcy Solutions, acting as voting agent, as set forth in the EPIQ Declaration and that at least one Impaired Class of Creditors has voted in favor of the Plan excluding the votes of any Insiders;

IT FURTHER APPEARING TO THE COURT that the Debtor has presented testimony, evidence and argument of counsel in support of confirmation of the Plan, and other parties in interest have had the opportunity to cross-examine witnesses, present additional testimony, evidence or argument of counsel;

RLF1 12079040v.2

IT FURTHER APPEARING TO THE COURT that the Exit Facility has been amended in accordance with comments of the Court at the Confirmation Hearing as reflected in the Amended Exit Facility [Docket No. 637] (the "**Amended Exit Facility**").

NOW, THEREFORE, based upon the Court's review of (a) the Disclosure Statement, (b) the Plan, (c) the Plan Documents, (d) the evidence and testimony, (e) the EPIQ Declaration, (f) the MDA Objection and the other filed objections, (g) all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing, the entire record of the Chapter 11 Case; after due deliberation thereon and good cause appearing therefor, for the reasons set forth on the record at the Confirmation Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    *Jurisdiction; Venue; Core Proceeding*.    The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) upon which this Court may issue a final order, and confirmation of a plan by this Court is a constitutional exercise of the jurisdiction and power conferred by Congress on this Court.  This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    *Judicial Notice*.    The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all proofs of claim, all pleadings and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

---

[3]    The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

C.    _Transmittal and Mailing of Solicitation Materials and Notices_.  The solicitation materials and notices prescribed by the Disclosure Statement Order were served in compliance with the Disclosure Statement Order, and such service was appropriate and sufficient. Appropriate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Disclosure Statement Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

D.    _Adequacy of Solicitation Procedures_.  All procedures used to distribute the solicitation materials to the appropriate creditors and interest holders entitled to vote on the Plan and to tabulate the ballots returned by creditors and interest holders were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.  Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

E.    _Good Faith Solicitation -- 11 U.S.C. § 1125(e)_.  The Debtor and its Professionals have acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in 11 U.S.C. § 1125, and are entitled to the protections afforded by 11 U.S.C. § 1125(e).  Nothing in this paragraph limits, to the extent applicable, the exculpation and injunctive provisions set forth in Articles X.E and X.G of the Plan.

F.    *Impaired Classes that Have Voted to Accept or Reject the Plan*.  Classes 1-2 and 7-9 are each Impaired under and entitled to vote on the Plan.  As evidenced by the EPIQ Declaration, which certified both the method and results of the voting, Classes 1, 2, 5, 6, 7, and 8 have voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126, and Classes 5,6, 7 and 8 each voted in favor of the Plan excluding the votes of any Insiders.  Class 9 voted to reject the Plan.

G.    *Classes Deemed to Accept Plan*.  Classes 4, 5 and 6 are Unimpaired under the Plan.  Pursuant to 11 U.S.C. § 1126(f), holders of such Unimpaired Claims are conclusively presumed to have accepted the Plan.

H.    *Classes Deemed to Reject Plan*.  Classes 3, 10 and 11 are Impaired under the Plan and not anticipated to receive any distribution under the Plan. Pursuant to 11 U.S.C. § 1126(g), holders of Impaired Claims or Interests that are not anticipated to receive a distribution under the Plan are conclusively presumed to have rejected the Plan.

I.    *Releases, Exculpations and Injunctions*.  The release, exculpation and injunction provisions set forth in Article X.B, X.C, X.D, X.E, and X.G of the Plan, as modified: (a) are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (b) are an essential means of implementing the Plan pursuant to 11 U.S.C. § 1123(a)(5); (c) are an integral element of the transactions incorporated into the Plan; (d) confer material benefits on, and are in the best interests of, the Debtor, its Estate and its creditors; (e) are important to the overall objectives of the Plan to finally resolve all Claims among or against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (f) are consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code.  With respect to the limited release provided by holders of Claims and Interests who affirmatively voted in favor of the Plan pursuant to Article X.D of the Plan and did not opt out of such release, such releases are

(a) consensual, (b) in exchange for the good and valuable consideration provided by the released parties, representing a good faith settlement and compromise of any claims released therein; (c) in the best interests of the Debtor and all holders of Claims and Interests; (d) narrowly tailored; (e) fair, equitable and reasonable; and (f) a bar to any of the releasing parties' assertion of any claim released by such provisions. The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation and injunction provisions contained in the Plan.

J.    *Objections and Resolutions.*

(i)    MDOR Objection.  The Debtor resolved the MDOR Objection by making certain revisions to the Plan to clarify the Reorganized Debtor's responsibility for filing objections to and paying Allowed Priority Tax Claims, along with other non-substantive clarifications.

(ii)    The UST Objection.  The Debtor resolved, in part, the UST Objection by excluding from the exculpation provisions of the Plan any act, omission, transaction, agreement, event or other occurrence, constituting fraud, criminal conduct, gross negligence or willful misconduct.  Classes 5 and 6 are Unimpaired.

K.    *Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1).*  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

(i)    *Proper Classification -- 11 U.S.C. §§ 1122, 1123(a)(1).*  Aside from Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates eleven Classes of Claims and Interests against the Debtor.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  The classification of Claims and Interests in the

7

Plan is reasonable and necessary, has a rational, justifiable, and good faith basis. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

(ii)    _Specify Unimpaired Classes -- 11 U.S.C. § 1123(a)(2)_. Article III.A and III.B.4 of the Plan specify that Class 4 is Unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)    _Specify Treatment of Impaired Classes -- 11 U.S.C. § 1123(a)(3)_. Article III.A and III.B.1-3 and 5-11 of the Plan specify that Classes 1-3 and 5-11 are Impaired, and Article III.B of the Plan specifies the treatment of Claims and Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)    _No Discrimination -- 11 U.S.C. § 1123(a)(4)_. The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v)    _Implementation of Plan -- 11 U.S.C. § 1123(a)(5)_. Article V and other provisions of the Plan provide adequate means for implementation of the Plan, including: (a) vesting all of the property of the Estate and of the Debtor in the Reorganized Debtor free and clear of any and all Claims, Liens and Equity Interests, except for those Claims and Liens expressly provided for in the Plan; (b) the assumption of Assumed Liabilities by the Reorganized Debtor; (c) conversion of the Allowed DIP Financing Claims into the New Equity Interests in the Reorganized Debtor; (d) provision of the Exit Facility; (e) creation of the Liquidating Trust, funding of the Liquidating Trust, and vesting of the

Liquidating Trust Assets in the Liquidating Trust; and (f) appointment of the Liquidating Trustee. The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)     *Non-Voting Equity Securities -- 11 U.S.C. § 1123(a)(6)*. The Reorganized Debtor's governing documents include provisions prohibiting the issuance of non-voting equity securities, to the extent required by 11 U.S.C. § 1123(a)(6) and limited as necessary to facilitate compliance with applicable non-bankruptcy federal laws governing foreign ownership of the Debtor. Thus, the requirements of 11 U.S.C. § 1123(a)(6) are satisfied.

(vii)     *Selection of Officers and Directors -- 11 U.S.C. § 1123(a)(7)*. In the Plan Supplement, the Debtor has properly and adequately disclosed the identity and affiliations of all individuals proposed to serve on or after the Effective Date as (a) directors of the Reorganized Debtor (subject to replacement or removal in accordance with the terms of the Reorganized Debtor's governing documents) and (b) officers of the Reorganized Debtor, and the manner of selection and appointment of such individuals is consistent with the interests of holders of Claims and Interests and with public policy and, accordingly satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii)     *Additional Plan Provisions -- 11 U.S.C. § 1123(b)*. The Plan's additional provisions, including in respect of the assumption or rejection of the Debtor's executory contracts and unexpired leases and the settlements and compromises effected by the Plan, are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

(ix)     *Compliance with Fed. R. Bankr. P. 3016*. The Plan is dated and identifies the entity submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a). The filing of the

Disclosure Statement with the Court satisfies Fed. R. Bankr. P. 3016(b). Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Fed. R. Bankr. P. 3016(c) to the extent applicable.

      (x)    *Compliance with Fed. R. Bankr. P. 3017*. The Debtor has given notice of the Confirmation Hearing as required by Fed. R. Bankr. P. 3017(d) and the Disclosure Statement Order. The solicitation materials prescribed by the Disclosure Statement Order were transmitted to creditors and interest holders entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017(d).

      (xi)    *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Fed. R. Bankr. P. 3018. The Plan was transmitted to all creditors and interests holders entitled to vote on the Plan, sufficient time was prescribed for such creditors and interest holders to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

    L.    *Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(2)*. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

    M.    *Plan Proposed in Good Faith -- 11 U.S.C. § 1129(a)(3)*. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Debtor filed its Chapter 11 Case and the Plan with legitimate and honest purposes including, among other things, maximization of the recovery to creditors under the circumstances of the case.

10

Furthermore, the Plan and the Plan Documents reflect and are the result of extensive, arm's-length and good faith negotiations among the Debtor, the Plan Support Parties and other creditors and parties in interest in the Chapter 11 Case and are consistent with the best interests of the Estate, creditors and other stakeholders. The Plan achieves a fair result, consistent with the objectives and purposes of the Bankruptcy Code. The Debtor, the Plan Support Parties, and each of their respective officers, directors, employees, advisors and professionals acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan, the Plan Documents, and all the agreements, compromises, settlements, transactions, and transfers contemplated thereby.

N. *Payments for Services or Costs and Expenses -- 11 U.S.C. § 1129(a)(4)*. All payments made or to be made by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have, to the extent required by the Bankruptcy Code, been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4). Without limiting the generality of the foregoing, the selection and compensation of the Liquidating Trustee in accordance with the Plan and the Liquidating Trust Agreement is appropriate and proper.

O. *Director, Officers and Insiders -- 11 U.S.C. § 1129(a)(5)*. The Debtor has complied with 11 U.S.C. § 1129(a)(5). The identity and affiliations of the persons who will serve as initial directors and officers of the Reorganized Debtor as of the Effective Date have been fully disclosed in the Plan Supplement. The election or appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Interests in the Debtor and with public policy. Any replacement or removal of the initial directors and officers of the Reorganized Debtor shall be subject to the terms of the Reorganized

Debtor's governing documents. The identity of any insider that will be employed or retained by the Reorganized Debtor and the nature of such insider's compensation have also been fully disclosed, to the extent applicable and presently determinable.

P.    *No Rate Changes -- 11 U.S.C. § 1129(a)(6)*.  There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtor and no rate change provided for in the Plan requiring approval of any such commission. Therefore, 11 U.S.C. § 1129(a)(6) is not applicable.

Q.    *Best Interests of Creditors -- 11 U.S.C. § 1129(a)(7)*.  The Plan satisfies 11 U.S.C. § 1129(a)(7). The liquidation analysis included in the Disclosure Statement and any other evidence proffered or adduced at the Confirmation Hearing (a) are reasonable, persuasive and credible, (b) use reasonable and appropriate methodologies and assumptions, (c) have not been controverted by other evidence, and (d) establish that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. A chapter 7 liquidation of the Debtor would likely result in reduced recoveries for all of the Debtor's creditors due to statutorily required fees that would be paid to any chapter 7 trustee appointed in such converted case. However, pursuant to the Plan, holders of Administrative Claims, Priority Tax Claims, and Other Secured Claims will receive full recovery on account of such Claims. Further, holders of DIP Financing Claims, Secured Tax Claims, Employee Priority Claims, Continuing Trade Creditor Claims, Convenience Class Claims, and General Unsecured Claims are also entitled to receive distributions or other consideration with some value, and thus, the distributions provided under the Plan to all Holders

12

of Claims and Interests equal or exceed the distributions that would be available in a chapter 7 liquidation.

R.    *Acceptance or Rejection by Certain Classes -- 11 U.S.C. § 1129(a)(8)*.    As evidenced by the EPIQ Declaration Class 4 is a Class of Unimpaired Claims that are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f). Classes 1, 2, 5, 6, 7, and 8 are Impaired and have voted to accept the Plan. Class 9 is Impaired and has voted to reject the Plan and Classes 3, 10, and 11 are deemed to have rejected the Plan. The Court determined that Classes 5 and 6 are not Impaired. Nevertheless, the Plan is confirmable because it satisfies 11 U.S.C. § 1129(b) with respect to such non-accepting Classes of Claims and Interests as detailed more fully in paragraph AA below.

S.    *Treatment of Administrative and Priority Tax Claims -- 11 U.S.C. § 1129(a)(9)*. The treatment of Administrative Claims and Priority Tax Claims pursuant to Article II.A of the Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

T.    *Acceptance by Impaired Class -- 11 U.S.C. § 1129(a)(10)*.    Classes 7 and 8 are each Impaired, entitled to vote and have voted to accept the Plan in accordance with 11 U.S.C. § 1126(c) excluding the votes of Insiders holding Allowed Claims in any of those Classes. Therefore, the requirement of 11 U.S.C. § 1129(a)(10) that at least one Class of Claims against or Interests in the Debtor that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any Insider, has been satisfied.

U.    *Feasibility -- 11 U.S.C. § 1129(a)(11)*.    The Disclosure Statement, the Artzer Declaration and other evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to feasibility (a) are reasonable, persuasive and credible, (b) have not been controverted by other evidence or challenged in any objection, and (c) establish that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial

13

reorganization, of the Reorganized Debtor.   Based upon the foregoing, and particular, the changes to the Exit Facility set forth in the Amended Exit Facility, the Court finds that the Debtor has satisfied the requirements of 11 U.S.C. § 1129(a)(11).

V.   _Payment of Fees -- 11 U.S.C. § 1129(a)(12)_.  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to Article XIII.C of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).

W.   _Continuation of Retiree Benefits -- 11 U.S.C. § 1129(a)(13)_.  The Debtor does not provide or pay any "retiree benefits," as such term is defined in 11 U.S.C. § 1114, and Section 1129(a)(13) of the Bankruptcy Code is therefore inapplicable to the Plan.

X.   _No Domestic Support Obligations -- 11 U.S.C. § 1129(a)(14)_.  The Debtor is not required by a judicial or administrative order, or by statute, to pay any domestic support obligation, and 11 U.S.C. § 1129(a)(14) is therefore inapplicable to the Plan.

Y.   _Individual Debtor Requirements -- 11 U.S.C. § 1129(a)(15)_.  The Debtor is not an individual, and 11 U.S.C. § 1129(a)(15) is therefore inapplicable to the Plan.

Z.   _Transfers of Property – 11 U.S.C. § 1129(a)(16)_.   The Debtor is a moneyed, business, or commercial corporation or trust, and 11 U.S.C. § 1129(a)(16) is therefore inapplicable to the Plan.

AA.   _Fair and Equitable; No Unfair Discrimination as to Rejecting Classes  -- 11 U.S.C. § 1129(b)_.  Class 9 is an Impaired Class of Claims that has voted to reject the Plan. Classes 3, 10, and 11 are deemed to reject the Plan. The Plan does not discriminate unfairly and is fair and equitable with respect to Class 9 as required by 11 U.S.C. § 1129(b)(1) because 11 U.S.C. § 1129(b)(2)(B) is satisfied. The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 3, 10, and 11 because 11 U.S.C. § 1129(b)(2)(B) and (b)(2)(C),

14

as applicable, are satisfied. Thus, the Plan may be confirmed notwithstanding 11 U.S.C. § 1129(a)(8). Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Classes 3, 9, 10, and 11 and meets the criteria of 11 U.S.C. § 1129(b)(2)(B)(ii) and (b)(2)(C)(ii), as applicable, because no Class lower in the capital structure of the Debtor will obtain any distribution or retain any interest prior to Holders of Claims or Interest in such Classes being paid in full. To the extent required, the value to be provided in connection with the conversion of the Allowed DIP Financing Claims into the New Equity Interests in the Reorganized Debtor has been market tested as a result of the bidding procedures approved by this Court [Docket No. 131], which procedures allowed for a public auction in which bids of at least $17,135,000 (which amount is less than the amount of the Allowed DIP Financing Claims to be converted to equity) would be considered to acquire all of the Debtor's assets or all of the equity in a reorganized debtor. Such a public auction followed an extensive pre-bankruptcy marketing of the Debtor and its assets, which marketing process likewise did not locate any potential purchaser. The pre- and post-bankruptcy opportunities for any interested parties to bid on the Debtor and/or its assets have thoroughly exposed such interests to the market and have confirmed that the value to be provided in connection with the conversion of the Allowed DIP Financing Claims into the New Equity Interests in the Reorganized Debtor exceeds what third-party market participants would pay for the New Equity Interests. For all the foregoing reasons, the Plan may be confirmed notwithstanding the rejection or deemed rejection by Classes 3, 9, 10, and 11.

BB.    *Only One Plan -- 11 U.S.C. § 1129(c).*    Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Case. Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

15

CC.    *Principal Purpose -- 11 U.S.C. § 1129(d)*.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

DD.    *No Objection to Disposition of Contracts and Leases*.  Pursuant to Article VI of the Plan, the Debtor has exercised sound business judgment in assuming and rejecting executory contracts and unexpired leases.  No party to an executory contract or unexpired lease to be assumed by the Debtor pursuant to the Plan or rejected by the Debtor pursuant to the Plan has objected to the assumption or rejection thereof.

EE.    *Engagement in Business*.  Because the Reorganized Debtor will engage in business following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

FF.    *Modifications to the Plan*.  Subsequent to solicitation, the Debtor made certain modifications to the Plan.  Many of those modifications were non-material, but some modifications made material changes in respect of the treatment and rights of certain of the Plan Support Parties under the Plan (including the treatment provided for Class 1 and Class 2 Claims under the Plan).  Each of the Plan Support Parties adversely affected by such modifications has accepted such modifications in open court.  All modifications to the Plan since the entry of Disclosure Statement Order are consistent with all provisions of the Bankruptcy Code (including Section 1127) and of the Bankruptcy Rules (including Bankruptcy Rule 3019(a)).  None of the modifications made since the commencement of solicitation adversely affects the treatment of any Creditor under the Plan who has not accepted the modification.  Prior notice regarding the substance of any modifications to the Plan, coupled with the filing with the Court of the Plan as modified, and the disclosure of the Plan modifications on the record at or prior to the Confirmation Hearing constitute due and sufficient notice of any and all of such modifications.

Accordingly, none of the modifications requires additional disclosure or resolicitation of votes, and under Bankruptcy Rule 3019(a), all Creditors that previously accepted the Plan are deemed to have accepted the Plan as modified. Pursuant to 11 U.S.C. § 1127(f)(2), the Plan as modified shall constitute the Plan submitted for confirmation at the Confirmation Hearing.

GG.    *Burden of Proof.* The Debtor has met its burden of proving the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

HH.    *Satisfaction of Confirmation Requirements.* The Plan satisfies all of the requirements for confirmation set forth in 11 U.S.C. § 1129.

II.    *Consummation in Good Faith.* The Debtor and the Plan Support Parties will be acting in good faith if they proceed to (1) consummate the Plan and the agreements, settlements, transactions, transfers, and distributions contemplated thereby; and (2) take the other acts or actions authorized and directed by this Confirmation Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Confirmation of Plan. The Plan, as previously modified and as may be amended by this Confirmation Order, is approved and confirmed under 11 U.S.C. § 1129. Any and all objections to the Plan, whether asserted in writing or at the Confirmation Hearing, not previously withdrawn or resolved as described in this Confirmation Order are hereby overruled in their entirety.

2.    Incorporation of Terms and Provisions of Plan. The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent. The failure specifically to include or reference any particular term or provision of the Plan in this

17

Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan, the Plan Documents, and all related agreements be approved and confirmed in their entirety.

3.      Binding Effect.  Effective on the Effective Date, the Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, any individual or entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Interest in the Debtor, including all governmental entities, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder has accepted the Plan, and their respective successor and assigns.  Pursuant to 11 U.S.C. §§ 1123(a), 1123(b) and 1142(a) and the provisions of this Confirmation Order, from and after the Effective Date, the Debtor, the Reorganized Debtor, the Liquidating Trust and the Liquidating Trustee shall comply with the Plan, the Plan Documents and all other Plan-related documents, and the Plan, the Plan Documents and all other Plan-related documents shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

4.      Application of Absolute Priority Rule.  The Plan satisfies the requirements of 11 U.S.C. § 1129(b) with respect to the rejecting votes of Class 9.  Therefore, the treatment of the Claims in Class 9 is approved.  To the extent required, the value to be provided in connection with the conversion of the Allowed DIP Financing Claims into the New Equity Interests in the Reorganized Debtor has been subject to sufficient market test, which test has confirmed that such value exceeds what third-party market participants would pay for the New Equity Interests.

5.      Releases; Injunction.  Subject to the exceptions and exclusions contained in the Plan and this Confirmation Order, including, without limitation those set forth in Articles X.D, X.E, and X.F of the Plan, the release provisions of Article X.D of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.

18

6.      <u>Determination of Discharge; Injunction</u>.  Subject to the exceptions and exclusions contained in the Plan and this Confirmation Order, including, without limitation those set forth in Articles X.B, X.E, and X.F of the Plan, the discharge provisions of Article X.B of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order. Pursuant to the Order Approving Stipulation Regarding Dischargeability of Claims and Stay of Adversary Proceeding (the "**MDA Stipulation Order**") [Adv. Proc. 15-50238, Docket No. 7], the Court has approved the stipulation between the Debtor and the MDA providing that the MDA and the State of Mississippi will not contend in this case, or in any other forum, that any claim which has been or could be asserted in the MDA's proof of claim (Claim No. 70) (including any subsequently asserted amendment, modification, or supplement thereof, the "**MDA Claim**") is excepted from discharge as to the Reorganized Debtor (as defined in the Plan), by operation of 11 U.S.C. § 1141(d)(6).  Accordingly, such potential exception to the discharge contained in the Plan does not and will not apply to the MDA Claim and, because there is no other applicable exception to such discharge for the MDA Claim, such discharge includes the MDA Claim.  Except as otherwise expressly provided herein, upon the Effective Date, all holders of Claims and Interests shall be forever precluded and enjoined, pursuant to Sections 105, 524, 1141 of the Bankruptcy Code and Article X.E of the Plan, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtor or the Reorganized Debtor.  Notwithstanding anything to the contrary in this Confirmation Order or the Plan, nothing in this Confirmation Order or the Plan discharges, releases, resolves, exculpates, precludes, or enjoins: (i) any environmental liability to any governmental unit that is not a Claim as defined in 11 U.S.C. § 101(5); (ii) any environmental Claim of any Governmental Unit arising on or after the Effective Date; (iii) any environmental liability to any Governmental Unit on the part of any entity as the owner or operator of property after the Effective Date; (iv) any liability

to the United States on the part of any person or entity other than the Debtor or Reorganized Debtor; or (v) any valid right of setoff or recoupment of the United States. Further, nothing in the Plan shall be deemed to release, enjoin, bar or otherwise impair the claims asserted by the plaintiffs in Civil Action No. 4:15-cv-00012; however, the plaintiffs' request to continue their lawsuit in Civil Action No. 4:13-cv-02443 as to any applicable insurance proceeds is denied, without prejudice. The Debtor's discharge and release from all Claims as provided herein and in the Plan shall not diminish, impair, or otherwise affect (i) any claim, right, or causes of action that any Creditor or other Person or Entity owns and holds for its own account against KiOR Columbus; or (ii) the enforceability of any insurance policy that may provide coverage for claims against the Debtor, the Reorganized Debtor, their current and former directors and officers, or any other person or entity.

7.      Exculpation; Injunction.  Subject to the exceptions and exclusions contained in the Plan and this Confirmation Order, including, without limitation those set forth in Articles X.E, X.F, X.G of the Plan, the exculpation provisions of Article X.G of the Plan, as modified are approved, are incorporated by reference into and are an integral part of this Confirmation Order.

8.      Injunction.  Subject to the exceptions and exclusions contained in the Plan and this Confirmation Order, including, without limitation those set forth in Articles X.B, X.D, and X.E of the Plan, the injunction provisions of Article X.E of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.

9.      Cancellation of Interests.  Pursuant to Article III.B.11 of the Plan, except as otherwise specifically provided in the Plan or in this Confirmation Order, all Equity Interests shall be deemed automatically cancelled, discharged, and surrendered and shall be of no further force, and the obligations of the Debtor thereunder or in any way related thereto, including any

RLF1 12079040v.2

obligation of the Debtor to pay any franchise or similar type taxes on account of such Interests, shall be discharged.

10.    <u>Plan Implementation Authorization</u>.    All implementing actions required or contemplated by the Plan, including issuance of the New Equity Interests, the revesting of assets in the Reorganized Debtor, the appointment of the Liquidating Trustee, and the vesting of the Liquidating Trust Assets in the Liquidating Trust, are hereby authorized and approved in all respects in accordance with the Plan.  Subject to and in accordance with the MDA Stipulation Order, the MDA Claim shall be fully and completely discharged upon substantial consummation of the Plan, notwithstanding any potential applicability of 11 U.S.C. § 1141 (d)(6).  The Liquidating Trust shall be deemed for all purposes to have been created in connection with the Plan and this Confirmation Order, and the Liquidating Trustee shall have the rights, duties, and powers as set forth in the Plan and the Liquidating Trust Agreement.  Any officer of the Reorganized Debtor and/or the Liquidating Trustee, as applicable, shall be authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court or further action by the corporation or liquidating trust (as applicable) or any other person.  For the avoidance of doubt, the Debtor, the Reorganized Debtor and their respective officers and directors and the Liquidating Trust and Liquidating Trustee are authorized and empowered pursuant to Section 303 of the Delaware General Corporation Law (the "**DGCL**") to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan and this Confirmation Order, including executing, delivering and performing under the Plan Documents and all other Plan-related documents, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholders, officers or directors, or notice to, order of, or hearing before this Court.  Any or all

such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.  Immediately prior to the Effective Date, all existing officers and directors of the Debtor shall be deemed to have resigned from their respective positions, and the persons who will serve as initial directors and officers of the Reorganized Debtor will be deemed to have been appointed to such positions immediately on and as of the Effective Date.  From and after the Effective Date, the Reorganized Debtor may operate its business and manage its affairs and property in accordance with the Plan Documents, without supervision of or approval by the Bankruptcy Court, and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Plan or this Confirmation Order.

11.    <u>Specific Authorizations as to New Equity Interests; Exemption</u>.  From and after the Effective Date, the Reorganized Debtor is authorized to issue the New Equity Interests in accordance with the provisions of the Plan.  Pending the occurrence of the Effective Date, the Debtor is authorized and directed to take all actions as may be necessary to facilitate the issuance of the New Equity Interests as of the Effective Date, including, without limitation, executing, delivering and performing under the various documents, paying any agreed fees and costs, and providing such other support, assurances and indemnifications as may be required, to facilitate or implement the Reorganized Debtor's governing documents, any other Plan Document, or the issuance and distribution of the New Equity Interests.  Upon such issuance the New Equity Interests shall be duly and validly authorized, issued, and outstanding, fully paid and nonassessable and not subject to pre-emptive or similar rights of third parties.  The exemption from the requirements of Section 5 of the Securities Act of 1933, and any state or local law requiring registration for the offer, sale, issuance, exchange or transfer of the New Equity

RLF1 12079040v.2

Interests provided for in the Plan is authorized by and ordered hereby pursuant to and to the extent provided under 11 U.S.C. § 1145.

12.    Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

13.    Exemption from Certain Transfer Taxes.  Pursuant to 11 U.S.C. § 1146(a), any transfers from the Debtor to the Reorganized Debtor or the Liquidating Trust or any other person pursuant to, in contemplation of, or in connection with the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment, and the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplement.

14.    Applicable Non-Bankruptcy Law.  Pursuant to 11 U.S.C. §§ 1123(a), 1123(b) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.  The consummation of the Plan, including the assumption of any executory

23

contract or unexpired lease by the Reorganized Debtor, shall not constitute a change in ownership or change in control under any employee benefit plan or program, financial instrument, loan or financing agreement, executory contract or unexpired lease or contract, lease or agreement in existence on the Effective Date to which the Debtor is a party.

15.     Appointment of Directors.  Pursuant to the Plan Supplement, the selection and appointment of the following people to the Reorganized Debtor's board of directors to serve from and after the Effective Date as provided in the Plan and in accordance with the Plan Documents is approved: Fred Cannon and Vinod Khosla.

16.     Approval of Assumption or Rejection of Contracts and Leases.  Unless otherwise provided herein or in another order of or in proceedings before the Court specifically dealing with (a) an executory contract or unexpired lease that is subject to assumption pursuant to any applicable provision of Article VI of the Plan, the assumption of such contract or lease is hereby approved as of the Effective Date as proposed in the Plan; and (b) an executory contract or unexpired lease that is subject to rejection pursuant to any applicable provision of Article VI of the Plan, the rejection of such contract or lease is hereby approved as of the Effective Date as proposed in the Plan.  For the avoidance of doubt, only those contracts and leases listed in the Assumption Notice (as amended) shall be assumed pursuant to this Confirmation Order.  All other executory contracts and leases to which the Debtor is a party (that were not previously assumed or rejected by order of this Court) shall be rejected pursuant to this Confirmation Order.

17.     Claims Based on Rejection of Executory Contracts and Unexpired Leases. Claims created by the rejection of executory contracts and unexpired leases pursuant to Article VI.A of the Plan, or the expiration or termination of any executory contract or unexpired lease prior to the Effective Date, must be filed with the Bankruptcy Court and served on the Debtor and the Liquidating Trustee and their respective counsel on or before thirty (30) days after the

24

Effective Date. Except as expressly provided in the Plan or this Confirmation Order, any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Article VI.A for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtor, the Estate, its successors and assigns, and its assets and properties.

18.    Transfers by Debtor; Vesting and Revesting of Assets. All transfers of property of the Estate, including, without limitation, the vesting of assets in the Reorganized Debtor and the vesting of the Liquidating Trust Assets in the Liquidating Trust in order to make distributions to holders of Allowed Claims and Interests to be made under Article III.B of the Plan, (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, Liens, interests, charges or other encumbrances, including the MDA Claim, except as expressly provided in the Plan or this Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable law, (d) do not and will not subject the Reorganized Debtor, the Liquidating Trust or the Liquidating Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or stamp or recording tax liability, and (e) are for good consideration and value. Pursuant to 11 U.S.C. §§ 1141(b) and (c), the assets of the Debtor referenced in Article V.A of the Plan shall revest in the Reorganized Debtor free and clear of all Claims, Liens, interests, charges and other encumbrances, including the MDA Claim, except as expressly provided in the Plan or this Confirmation Order. All Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, Liens, interests, charges and other encumbrances. Such vesting and revesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

25

19.    <u>Survival of Final DIP Order; Binding Effect of Prior Orders</u>.  The terms and conditions of the Final DIP Order and protections afforded to the DIP Lenders and the Prepetition Lenders in the Final DIP Order shall continue and survive beyond the Effective Date, but only to the extent of such terms, conditions and protections provided in the Final DIP Order. Pursuant to Section 1141 of the Bankruptcy Code, effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the Debtor as authorized and directed thereunder and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date that ultimately are granted shall continue and survive beyond the Effective Date, and all provisions of the confirmed Plan shall be binding upon and shall inure to the benefit of the Debtor, the Reorganized Debtor and their respective successors and assigns.

20.    <u>Effect of Conflict Between Plan and Confirmation Order; Effect of Modifications</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any direct conflict between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such conflict, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.  The modifications to the Plan set forth in the June 1 version of the Plan do not adversely change the treatment of any Claim against or Interest in the Debtor, other than with respect to the treatment of Class 1 and Class 2 Claims (the holders of which have accepted such modifications), and thus the June 1 version of the Plan complies with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a).  Accordingly, the June 1 modifications are approved and such version

26

of the Plan is deemed to be the Plan under 11 U.S.C. § 1127(f)(2). Any modifications to the Plan set forth in this Confirmation Order do not materially and adversely affect the treatment of any Claim against or Interest in the Debtor. Accordingly, pursuant to 11 U.S.C. § 1127(b) and Bankruptcy Rule 3019, the Plan does not require additional disclosure under Section 1125 of the Bankruptcy Code or the resolicitation of acceptances or rejections of the Plan under Section 1126 of the Bankruptcy Code, nor does it require that holders of Claims against or Interests in the Debtor be afforded an opportunity to change previously cast acceptances or rejections of the Plan as filed with the Court.

21.    Non-Material Modifications. Without the need for a further order or authorization of this Court, but subject to the express provisions of this Confirmation Order, the Debtor shall be authorized and empowered as may be necessary to make non-material modifications to the documents filed with the Court, including the Plan Documents or documents forming part of the evidentiary record at the Confirmation Hearing, in its reasonable business judgment, but only in accordance with, and subject to the Plan, and upon notice to any affected parties, including, without limitation, the MDA.

22.    Tax Consequences. In confirming the Plan, this Court has not made any determination as to the federal tax liabilities or tax consequences of the Plan. Nothing in the Plan or this Confirmation Order shall: (i) be deemed to be a determination of the federal tax liability of any person or entity, including but not limited to the Debtor and the Reorganized Debtor, or (ii) be deemed to be a determination of the federal tax treatment of any item, distribution or entity, including the federal tax consequences of the Plan.

23.    Reversal. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the

27

validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Debtor's, the Reorganized Debtor's, the Liquidating Trust's, or the Liquidating Trustee's receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

24.    <u>Authorization to Consummate Plan</u>. Notwithstanding Fed. R. Bankr. P. 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtor is authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan. The Plan shall only become effective on the Effective Date. On the Effective Date, the Plan shall be deemed to be substantially consummated under Sections 1101 and 1127 of the Bankruptcy Code.

25.    <u>Payment of Statutory Fees.</u> The Debtor shall pay a sum certain determined by the U.S. Trustee to the U.S. Trustee for fees currently due pursuant to 28 U.S.C. § 1930(a)(6) on or prior to the Effective Date. Thereafter, such fees shall be paid when they become due.

26.    <u>Administrative Claims Bar Date</u>. All final requests for payment of Professional Fee Claims for compensation for services rendered or reimbursement of expenses incurred on behalf of the Estate prior to the Effective Date shall file, on or before the date that is forty-five (45) days after the Effective Date, their respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred. The Debtor, Reorganized Debtor or Liquidating Trustee, as applicable, shall pay each Professional Fee Claim

within fifteen (15) days after such claim becomes an Allowed Claim.  All Other Administrative Expense Claims that are not subject to payment in the ordinary course of the Debtor's business were required to be filed with the Bankruptcy Court not later than ten (10) days before the date scheduled for the Confirmation Hearing and objections (if any) to such Other Administrative Expense Claim may be filed no later than forty-five (45) days after the Effective Date.

27.    <u>Distributions</u>.  The Liquidating Trustee, on behalf of the Liquidating Trust, or such other Person or Entity as may be designated in accordance with the Liquidating Trust Agreement, will make the distributions to Liquidating Trust Beneficiaries required under the Plan in accordance with the Liquidating Trust Agreement and in accordance with the priorities set forth herein and the other provisions of the Plan, and administer and liquidate any assets in the Liquidating Trust and otherwise wind down the Estate.

28.    <u>Notice of Entry of Confirmation Order</u>.  No later than five (5) Business Days following the date of entry of this Confirmation Order, the Debtor shall serve, by first-class mail, postage prepaid, notice of the entry of this Confirmation Order pursuant to Fed. R. Bankr. P. 2002(f)(7), 2002(k) and 3020(c) on all known holders of Claims and Interests, the U.S. Trustee and all parties that have requested notice pursuant to Bankruptcy Rule 2002.

29.    <u>Non-Occurrence of the Effective Date; Revocation of the Plan</u>.  If the Plan is revoked or withdrawn pursuant to Article VIII.E of the Plan prior to the Effective Date, the Plan and this Confirmation Order shall be deemed null and void.  In the event that the conditions to the occurrence of the Effective Date have not been timely satisfied or waived, and upon notification Filed by the Debtor with the Bankruptcy Court, this Confirmation Order shall be vacated and the Debtor and all parties in interest shall be restored to the *status quo ante*.  If this Confirmation Order is vacated this Plan shall be null and void in all respects and nothing contained in this Plan or the Disclosure Statement shall:  (1) constitute a waiver or release of any

29

Claims by or against, or any Equity Interests in, the Debtor; (2) prejudice in any manner the rights of the Debtor or any other Person or Entity; or (3) constitute an admission, acknowledgment, offer or undertaking by the Debtor in any respect.

30. Notice of Effective Date. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the Effective Date with the Court and serve a copy of such notice on the parties that have requested notice pursuant to Bankruptcy Rule 2002.

31. FCC Issues. No provision of this Confirmation Order or any other Order of this Court relieves the Debtor or the Liquidating Trustee from the obligation to comply with the Communications Act of 1934, as amended, and the rules, regulations and orders promulgated thereunder by the Federal Communications Commission (FCC) and, notwithstanding any other provision of this Confirmation Order or any other Order of this Court, no assignment of any rights and interests of the Debtor in any federal license or authorization issued by the FCC shall take place prior to the issuance of FCC regulatory approval for such assignment pursuant to the Communications Act of 1934, as amended, and the rules, regulations and orders promulgated thereunder. The FCC's rights and powers to take any action pursuant to its regulatory authority, including, but not limited to, imposing any regulatory conditions on such assignments and setting any regulatory fines or forfeitures, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority. Other than with respect to matters for which the Court has exclusive jurisdiction under 28 U.S.C. § 1334, nothing in this Order divests any tribunal of any jurisdiction it may have under any FCC law and any rules, regulations and orders pertaining thereto.

32. Southern Ionics Incorporated. The settlement agreement (the "Settlement Agreement") attached hereto as Exhibit B by and among the Debtor and Southern Ionics

30

Incorporated ("SII") is approved and any informal objection to the Plan of SII is resolved pursuant to the Settlement Agreement.

33.    Retention of Jurisdiction.  This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction to:

(a)    Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims;

(b)    Grant or deny any applications for allowance of Professional Fee Claims;

(c)    Resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which the Debtor is party or with respect to which the Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising therefrom;

(d)    Ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

(e)    Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters, including all Vested Causes of Action and objections or estimations to Claims or Equity Interests, and grant or deny any applications involving the Debtor that may be pending on the Effective Date, or that, pursuant to the Plan, may be instituted by (i) the Liquidating Trustee or Liquidating Trust, or (ii) any other Person or Entity after the Effective Date; provided, however, that the Liquidating Trustee and the Liquidating Trust shall reserve the right to prosecute the Vested Causes of Action in all proper jurisdictions;

31

(f)    Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and of all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Liquidating Trust Agreement;

(g)    Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, the Liquidating Trust Agreement or any Person's or Entity's obligations incurred in connection with the Plan or Liquidating Trust Agreement including those relating to determining the scope and extent of the Liquidating Trust Assets;

(h)    Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with consummation or enforcement of the Plan, except as otherwise provided herein;

(i)    Resolve any cases, controversies, suits or disputes with respect to the releases, injunctions and other provisions contained in Article X of the Plan and enter any orders that may be necessary or appropriate to implement and enforce such releases, injunctions and other provisions;

(j)    Enter and implement any orders that are necessary or appropriate if this Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(k)    Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, this Confirmation Order, the Liquidating Trust Agreement or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Liquidating Trust Agreement;

(l)    Resolve any issues that arise in connection with the administration of and distributions from the Liquidating Trust; and

32

      (m)     Enter an order and/or Final Decree concluding the Chapter 11 Case.

Dated: June ___9___, 2015
        Wilmington, Delaware

                            THE HONORABLE CHRISTOPHER S. SONTCHI
                            UNITED STATES BANKRUPTCY JUDGE

33