# Exhibit B

## Settlement Agreement

## AGREEMENT BETWEEN KIOR, INC. AND SOUTHERN IONICS INCORPORATED

This settlement agreement (the "Settlement Agreement") is entered into as of June 3, 2015, by and among KiOR, Inc. (the "Debtor") on the one hand, and Southern Ionics Incorporated ("SII"), on the other hand. The Debtor and SII may be referenced herein as the "Parties" and/or each as a "Party."

### BACKGROUND

**WHEREAS**, on August 29, 2011, the Parties entered into that certain Amended and Restated Lease Agreement (as amended, the "Lease") whereby SII agreed to lease to the Debtor certain real property in Harris County, Texas (the "Premises"), upon which Debtor would construct certain improvements, with an initial term ending August 21, 2016;

**WHEREAS**, on November 9, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), case number 14-12514 (CSS);

**WHEREAS**, the Debtor proposed its Second Amended Chapter 11 Plan of Reorganization, as revised April 7, 2015 (as amended, the "Plan") (Doc. No. 470) in an effort to, among other things, preserve the Debtor's business as a going concern, to retain the Debtor's employees and assets, and to reorganize the Debtor's capital structure through a debt-to-equity conversion;

**WHEREAS**, SII has alleged that the Debtor is currently in default with respect to certain of its obligations under the Lease;

3089081

**WHEREAS**, pursuant to the Plan, the Reorganized Debtor[1] shall cure any default in respect of each of the Assumed Contracts, to the extent required under section 365(b) of the Bankruptcy Code, unless otherwise agreed to between the Parties;

**WHEREAS**, the Debtor wishes to assume the Lease; and

**WHEREAS**, to resolve informal objections and concerns raised by SII related to, among other things, the cure obligations associated with the assumption of the Lease as part of confirmation of the Plan, the Parties engaged in good faith, arms' length negotiations to resolve the foregoing disputes in their entirety.

**NOW THEREFORE**, in consideration of the foregoing recitals (which are incorporated and made part of this Settlement Agreement), the respective representations, warranties, covenants, and agreements set forth herein, and for other good and valuable consideration, the receipt, adequacy, and sufficiency of which are hereby expressly acknowledged by the Parties, the Parties covenant and agree as follows:

1. **Payment.** On the Effective Date, as that term is defined in the Plan, the Debtor shall pay to SII the total sum of $440,183.80 (the "Total Cure Amount"). The Total Cure Amount shall be allocated as follows:

    (a) $198,648.00 represents the original cure amount set forth in the Debtor's cure schedule. See Notice of Cure Amount, Docket No. 560.

    (b) $11,073.01 represents the cure amount for November utilities due and owing;

    (c) $45,462.74 represents reimbursement to SII for tax obligations SII paid on the Debtor's behalf pursuant to Paragraph 8 of the Lease for a pro rata share of the real property taxes (with a calculation based on the share of the leased Premises to the entire SII owned premises) related to the Premises;

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

3089081

(d) $25,000.00 is a payment to satisfy in full all attorneys' fees owed by the Debtor related to the Lease and the bankruptcy proceeding of the Debtor; and

(e) $160,000.00 shall be reserved as a security deposit (the "Security Deposit"), which shall be maintained pursuant to the terms of an agreed form of lease amendment.

2. **Taxes.** The Debtor shall pay 2015 taxes when they become due, including its pro rata portion of real property taxes (following the submission by SII of an invoice of the taxes due and the calculation of same). The Debtor shall pay all 2014 taxes as set forth in the Plan. SII reserves its rights as to the 2014 and 2015 taxes to the extent they are not paid in accordance with the Plan.

3. **Plan Confirmation.** SII shall not object to confirmation of the Plan or the assumption of the Lease. The existence of this Settlement Agreement shall be referenced in the Court's order confirming the Plan, and this Settlement Agreement shall be annexed thereto.

4. **Amendment to Lease.** The Parties shall execute an amendment to the Lease which will provide for the terms of the Security Deposit reflected above along with the calculation and mechanism for the payment of real property taxes under the terms of the Lease. The Parties shall exercise good faith in the preparation and execution of such amendment.

5. **Ordinary Course Obligations.** Debtor shall continue to fulfill its obligations pursuant to the Lease in the ordinary course, which obligations include, but are not limited to making payment for June rent and April, May and June utilities, which remain outstanding as of the date of this Settlement Agreement.

6. **Authority.** Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and

3089081

deliver this Settlement Agreement on behalf of such Party and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

7. **No Reliance.** The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

8. **Settlement Based on Parties' Judgment.** The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel and that they have had a reasonable period of time to consider this Settlement Agreement.

9. **Binding Nature.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns. This Settlement Agreement shall be a final calculation of any and all amounts due under the Lease as of the Petition Date along with any unpaid, past due amounts as of the Effective Date of the Plan, and all currently existing claims or alleged defaults by SII are resolved in full by the terms of this Settlement Agreement, provided, however, this assumes that the Debtor shall continue to fulfill its post-Petition Date obligations under the Lease in the ordinary course.

10. **Entire Agreement.** This Settlement Agreement incorporates the Lease, which shall remain in full force and effect. Thus, this Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

11. **Counterparts.** This Settlement Agreement may be executed in one or more

3089081

counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

12.    **Submission to Jurisdiction.**  The Parties agree that any dispute or controversy arising hereunder shall be determined by the Bankruptcy Court, which shall have exclusive jurisdiction over same.

3089081

IT WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date set forth above:

SOUTHERN IONICS INCORPORATED

BY: _____
By: Steve Mitchener
Its: Vice President & CFO

KiOR, Inc.

BY: _____
Christopher A. Artzer, President, Interim Chief Financial Officer, and General Counsel